Chase B. Ames (15525)
SKOUBYE NIELSON & JOHANSEN, LLC
999 Murray Holladay Road, Suite 200
Salt Lake City, Utah 84117
Telephone: (801) 365-1030
Facsimile: (801) 365-1031
Email: chase@snjlegal.com
*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TIMOTHY WATSON RICHARDS; and LAURIE O'KEEFE RICHARDS DAYNES, <br><br> Plaintiffs, <br><br> v. <br><br> KARL OHLAND and KATHLEEN OHLAND, as Trustees of the HELENE E. RICHARDS TRUST and as personal representative of THE ESTATE OF HELENE E. RICHARDS; RAYMOND J. OHLAND, and individual; and RICHARD K. OHLAND individually and in his capacity as Trustee of the K.O. MINOR'S TRUST, and the A.O. MINOR'S TRUST, <br><br> Defendants. | Case No. 2:17-cv-00957-TC <br><br> **MOTION TO DISMISS** <br><br> Judge Tena Campbell |

Defendants, by and through undersigned counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby submit this Motion to Dismiss and respectfully request that the Court dismiss all of Timothy Watson Richards and Laurie O'Keefe Richards Daynes' (collectively "Plaintiffs") claims asserted in their Complaint with prejudice.

## RELIEF REQUESTED AND GROUNDS FOR RELIEF

In their Complaint, Plaintiffs have styled their claims of breach of trust, undue influence, and breach of fiduciary duty against a decedent as quiet title actions against the named Defendants. Under the applicable law, the statute of limitations for these underlying claims applies to Plaintiffs' attempts to quiet title to the property in dispute. As each applicable statute of limitation has already run, Plaintiffs cannot obtain the relief they seek. Further, Plaintiffs have failed to allege any wrongdoing on the part of the Defendants with the requisite level of specificity such that the Court can grant them relief. Accordingly, Plaintiffs' claims should be dismissed with prejudice pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## RESTATEMENT OF PLAINTIFFS' FACTUAL ALLEGATIONS[1]

1.    In 1970, Stephen O. Richards ("Stephen") inherited an undivided 10% interest in certain property located in Carbon County, Utah, described as follows:

> SUNNYSIDE NO. 7, Being the SW 1/4 of Section 3, Township 14 South, Range 14 East, SLB&M.
> Also, SUNNYSIDE NO. 4, Being the NW 1/4; SUNNYSIDE NO. 5, Being the NE 1/4; and SUNNYSIDE NO. 6, Being the SE 1/4, all in Section 10, Township 14 South, Range 14 East, SLB&M.
> Tax Serial Nos. 2A-1356-A-4 & 2A-1366-A-1, 2, & 3.
> TOGETHER WITH all improvements, water rights, and appurtenances thereto.
> Land ID Numbers 23085, 33346, 33347, and 33348

(the "Property").[2]

---

[1] Defendants are merely setting forth factual allegations contained in Plaintiffs' Complaint and attached exhibits and no provision under this section should be construed as an admission as to any such allegation.

[2] *See* Complaint, ¶ 13.

2. On August 15, 1991, Stephen deeded the Property to himself and his wife, Helene E. Richards ("Helene") "as joint tenants, with full rights of survivorship[.]"[3]

3. On or about October 1, 1991, Stephen and Helene executed an instrument creating the "Richards Family Trust" (the "Trust").[4]

4. On December 5, 1991, Stephen and Helene deeded the Property to the Trust.[5]

5. The Trust was amended and restated on September 5, 2006 (the "2006 Restated Trust").[6]

6. The 2006 Restated Trust indicated that the Property should be distributed, upon the death of the survivor of Stephen and Helene, to the Plaintiffs.[7]

7. On May 12, 2008, Stephen "allegedly" executed a document delegating his powers as co-trustee of the Trust to Helene.[8]

8. On November 24, 2008, Helene deeded the Property to herself ("2008 Transfer").[9]

9. Stephen died on December 17, 2008.[10]

---

[3] *See* "Quitclaim Deed," attached to Plaintiffs' Complaint as Exhibit A; *see also* Complaint at ¶ 14.
[4] *See* Complaint, ¶ 15.
[5] *See* "Warranty Deed," attached to Plaintiffs' Complaint as Exhibit A; *see also* Complaint at ¶ 14.
[6] *See* Complaint, ¶ 16; *see also* "2006 Richards Trust Agreement" attached to Plaintiffs' Complaint as Exhibit C.
[7] *See* Complaint, ¶ 21; *see also* "2006 Richards Trust Agreement" attached to Plaintiffs' Complaint as Exhibit C.
[8] *See* Complaint, ¶ 28; *see also* "Delegation of Co-Trustee Powers from Stephen O. Richards to Helene E. Richards," attached to Plaintiffs' Complaint as Exhibit D.
[9] *See* Complaint, ¶ 29; *see also* "2008 Warranty Deed," attached to Plaintiffs' Complaint as Exhibit E.
[10] *See* Complaint, ¶ 26.

10. On January 6, 2009, Helen created the "Helene Richards Trust" (the "Helene Trust").[11]

11. "Upon information and belief, [the Helene Trust] was amended or restated on or about January 28, 2009 or March 16, 2009[.]"[12]

12. The Helene Trust was amended again on December 6, 2011 (the "2011 Trust Amendment").[13]

13. The 2011 Trust Amendment indicated that Property should be distributed in equal parts to Richard Ohland, Raymond Ohland, A.O., and K.O and that Karl Ohland and Kathleen Ohland should serve as successor co-trustees after Helene's death.[14]

14. Helene died on November 18, 2013.[15]

15. Soon thereafter, Karl Ohland and Kathleen Ohland filed a Notice of Trust in the Circuit Court for Sumter County, Florida-Probate Division.[16]

16. On June 3, 2014, Karl Ohland and Kathleen Ohland, as Trustees of the Helene Richards Trust deeded the Property to Raymond Ohland, Richard Ohland, and the minor trusts of A.O. and K.O.[17]

---

[11] *Id.* at ¶ 31.
[12] *Id.*
[13] *Id.*; *see also* "2011 Helene Trust Amendment," attached to Plaintiffs' Complaint as Exhibit G.
[14] *See* Complaint, ¶¶ 33-34; *see also* "2011 Helene Trust Amendment," attached to Plaintiffs' Complaint as Exhibit G.
[15] *See* Complaint, ¶ 35.
[16] *Id.* at ¶ 36; *see also* Florida Case No. 2014-CP-000039.
[17] *See* Complaint, ¶ 38; *see also* "Quit Claim Deed," attached to Plaintiffs' Complaint as Exhibit H.

## **ARGUMENT**

**I.     MOTION TO DISMISS STANDARD.**

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "must accept as true all well-pleaded facts, and construe all reasonable allegations in the light most favorable to the plaintiff." *Sunrise Valley, LLC v. Kempthorne*, 528 F.3d 1251, 1254 (10th Cir. 2008) (quoting *U.S. v. Colo. Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996)). Nonetheless, a Court is not required to accept as true any legal conclusion couched as a factual allegation. *See Bell Atl. Comp. v. Twombly*, 550 U.S. 544, 55 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a plaintiff does not need to provide detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). A court must be able "to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**II.    PLAINTIFFS' CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.**

"A case may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Torrez v. Eley*, 378 Fed.Appx. 770 (10th Cir. 2010) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980)). When a case is dismissed as time-barred, it should be dismissed with prejudice. *See Womble v. Salt Lake City Corp.*, 84 Fed.Appx. 18, 20-21 (10th Cir. 2003).

Statute of limitations are generally procedural in nature. *See Sun Oil Co. v. Wortman*, 486 U.S. 717, 722 (1988); *see also Lee v. Gaufin*, 867 P.2d 572, 575 (Utah 1993). Accordingly, a

federal court sitting in diversity "applies the statute of limitations which would be applied by a court of the forum state . . . even when the action is brought under the law of a different state." *Dow Chem. Corp. v. Weevil-Cide Co.*, 897 F.2d 481, 483-84 (10th Cir. 1990); *see also Miller v. Armstrong World Indus.*, 949 F.2d 1088, 1089 n.3 (10th Cir. 1991). As Utah is the forum state for this action, the statute of limitations which would be applied by Utah courts apply to Plaintiffs' claims in the present action.

      a.    **Plaintiffs' Quiet Title Claims.**

In Utah, a true quiet title action is not subject to a statute of limitations. *See Bangerter v. Petty*, 225 P.3d 874, 877 (quoting *Branting v. Salt Lake City*, 153 P. 995, 1001 (Utah 1915)). However, when the claimant's principal purpose is to obtain some affirmative relief, the quiet title claims "clearly come within the [statute of limitations]." *Bangerter* at 877 (alteration in original). The Utah Supreme Court later clarified, "[i]f the party's claim for quiet title relief can be granted only if the party succeeds on another claim, then the statute of limitations applicable to the other claim will also apply to the quiet title claim." *Id*. (internal quotation omitted).

In *Powder Run at Deer Valley Owner Ass'n v. Black Diamond Lodge at Deer Valley Ass'n of Unit Owners*, 320 P.3d 1076 (Utah Ct. App. 2014), the defendant dedicated its seventy-eight feet wide easement crossing the plaintiff's property to a municipality for use as a public street. *Id*. at 1077-78. The municipality soon thereafter passed an ordinance accepting the dedication. *Id.* at 1078. Nine years later, the plaintiff filed a complaint against the defendant and the municipality styled as a quiet title and declaratory relief action. *Id*. Both the defendant and the municipality argued that the plaintiff's complaint failed pursuant to the relevant statute of limitations. *Id*. Among other defenses, plaintiffs argued that their quiet title action was a true quiet title action to

which no statute of limitations applied. *Id*. at 1081. The Utah Court of Appeals disagreed, finding that the plaintiff's suit did not qualify as a true quiet title action, stating:

> . . . the basis of [plaintiff's] claim is its argument that the ordinance is void. [Plaintiff] thus could not succeed on its quiet title claim without first striking down the ordinance. Therefore, [plaintiff's] "claim for quiet title relief can be granted only if [it] succeeds on another claim" – its claim for review of the validity of the City's land use decision.

*Id*.

Similarly here, as discussed more in-depth below Plaintiffs' claims for quiet title relief can be granted only if it succeeds on its underlying claims, specifically: (a) breach of trust; (b) undue influence; and (c) breach of fiduciary duty. As such, their claims are not true quiet title actions and the statute of limitations applicable to their underlying claims apply to their quiet title actions. As every applicable statute of limitations has expired, Plaintiffs' claims should be dismissed with prejudice.

### 1.   Plaintiffs' first cause of action.

Plaintiffs styled their first cause of action as "Quiet Title – Violation of the Provision of Richards Family Trust."[18] Although Plaintiffs do not expressly state which provision of the 2006 Restated Trust was allegedly violated, Plaintiffs generally assert that Helene violated the terms of the 2006 Restated Trust when she executed the 2008 Transfer.[19] Based on this alleged violation of the terms of the Restated Trust, Plaintiffs claim that the 2008 Transfer and all subsequent transfers of the Property should be invalidated and the Property should be returned to the Restated Trust.[20] Plaintiffs neither allege any wrongdoing on the part of the named Defendants nor reference the

---

[18] *See* Complaint at 8.
[19] *See* Complaint at 8-9.
[20] *Id*.

named Defendants under their First Cause of Action.[21] As a result, Plaintiffs' First Cause of Action is merely a breach of trust claim against Helene styled as a quiet title action against the Defendants.

As alleged in Plaintiffs' Complaint, Helene died on November 18, 2013.[22] In Utah:

> All claims against a decedent's estate which arose before the death of the decedent, . . . whether due or to become due, absolute or contingent, liquidated or unliquidated, found on contract, tort, or other legal basis, if not barred earlier by other statute of limitations, are barred against the estate, the personal representative, and the heirs and devises of the decedent, unless presented within the earlier of the following dates: (a) one year after the decedent's death; or (b) within the time provided by Subsection 75-3-801(2) for creditors who are given actual notice, and where notice is published, within the time provided in 75-3-801(1) for all claims barred by publication.

Utah Code Ann. § 75-3-803(1). As the underlying claim buoying Plaintiffs' first cause of action is against a decedent for breach of trust, the pertinent statute of limitations expired on November 18, 2014, a year after Helene's death. Plaintiffs initiated this action nearly four years after Helene's death. As a result, their first cause of action is time-barred and should be dismissed with prejudice.

In the alternative to the above statute, "a judicial proceeding by a beneficiary against a trustee for breach of trust must be commenced within one year after the first to occur of: (a) the removal, resignation, or death of the trustee; (b) the termination of the beneficiary's interest in the trust; or (c) the termination of the trust." Utah Code Ann. § 75-7-1005(3). When Helene executed the 2008 Transfer, she removed the Property from the Trust. As the Property was the sole Trust Assert to which Plaintiffs claim an interest, their interest in the Trust terminated upon the execution

---

[21] *Id.*
[22] *Id.* at ¶ 35.

of the 2008 Transfer. Thus, Plaintiffs' claims became time-barred on November 24, 2009, nearly 8 years before initiating the present action.

To the extent that Plaintiffs argue that their interest in the Trust did not terminate on that date, under the statute, Plaintiffs' claims still expired on November 18, 2014, one year after Helene's death. Accordingly, as Plaintiffs' first cause of action is time-barred by the applicable statute of limitations, it should be dismissed with prejudice.

### 2. Plaintiffs' second cause of action.

Plaintiffs' have styled their second cause of action as "Quiet Title – Undue Influence and Breach of Fiduciary Duty."[23] As with their first cause of action, Plaintiffs are asking the Court to invalidate the 2008 Transfer and all subsequent transfers of the Property on the basis that Helene acted improperly, specifically that she breached her fiduciary duty to, and exerted undue influence upon, Stephen.[24] Again, Plaintiffs do not allege that the Defendants acted improperly or even reference Defendants under this cause of action.[25] Thus, as with their first cause of action, pursuant to Utah Code Ann.§ 75-3-803(1), Plaintiffs' second cause of action became time-barred one year after Helene's death on November 18, 2013 and should be dismissed with prejudice.

As an additional basis for dismissal, Utah applies a four-year statute of limitations on claims of undue influence and breach of fiduciary duty. *See Baker v. Pattee*, 684 P.2d 632, 638 (Utah 1984) ("Actions based on . . . undue influence are equitable actions governed by the four-year statute of limitations."); *see also Allred ex rel. Jensen v. Allred*, 182 P.3d 337, 345 (Utah 2008) (statute of limitations for breach of fiduciary duty is found under Utah's four-year statute of

---

[23] *See* Complaint at 9.
[24] *Id*.
[25] *Id*. at 9-10.

limitations statute); Utah Code Ann. § 78B-2-307. As Plaintiffs' have alleged that Helene exerted undue influence over her husband prior to his death in 2008 and that she breached her fiduciary duty when she transferred the Property to herself in November of 2008, Plaintiffs second cause of action became time-barred in 2012, five years before initiating the present action. As a result, Plaintiffs' second cause of action should be dismissed with prejudice.

      b. **"Intentional Interference with Expected Inheritance."**

Under their third cause of action, Plaintiffs have alleged that Helene and "upon information and belief, some or all of the Defendants" intentionally interfered with Plaintiffs' alleged expectation of inheritance "by having Helene transfer the [Property] to herself on the eve of Stephen's death and then immediately transferring it into the [Helene Trust] for the benefit of Defendants."[26] As with Plaintiffs' first and second causes of action, to the extent this claim is made against Helene (or her estate), Plaintiffs' third cause of action is time-barred pursuant to Utah Code Ann. § 75-3-803(1), as it has been nearly four years since Helene died.

To the extent that Plaintiffs' third cause of action is asserted against Defendants, Plaintiffs' claims are also time-barred. Utah courts have not recognized a cause of action for "Intentional Interference with Expected Inheritance." Nonetheless, as stated above, a federal court sitting in diversity applies the statute of limitations of the forum state, even when the claims are brought pursuant to the laws of another state. *See Dow Chem.*, 897 F.2d at 483-84. As Plaintiffs' claim for relief is "not otherwise provided for by law," a four-year statute of limitations would apply. *See* Utah Code Ann. § 78B-2-307(3).

---

[26] *See* Complaint, ¶ 65.

Plaintiffs have alleged that Defendants acted wrongfully "by having Helene transfer" the Property to herself and later the Helene Trust.[27] The 2008 Transfer took place on November 24, 2008.[28] Helene created the Helene Trust on January 6, 2009.[29] Helene executed the 2011 Trust Amendment, directing that the Property should be distributed to the Defendants upon her death, on December 6, 2011.[30] Accordingly, applying the applicable Utah statute of limitations, the very latest the Plaintiffs could have brought these claims against Helene and the Defendants was December 6, 2015, nearly two years prior to the initiation of this action. As a result, Plaintiffs' third cause of action is time-barred. Defendants respectfully request that the Court dismiss Plaintiffs' third cause of action with prejudice.

    **c.**    **Conversion.**

Under their Fourth Cause of Action, Plaintiffs allege that Defendants have "engaged in common law conversion" for declining to transfer the Property to Plaintiffs following Plaintiffs' demand to do so.[31] However, "a party alleging conversion must show that he or she is entitled to *immediate possession of the property at the time of the alleged conversion*." *Fibro Trust, Inc. v. Brahman Fin., Inc.*, 974 P.2d 288, 295-96 (Utah 1999) (emphasis added). Plaintiffs cannot establish entitlement to the Property at the time that they made their demand because, as discussed above, all of their claims to the Property are at the very least time-barred by the applicable statute of limitations. Accordingly, Plaintiffs' claim of conversion fails. As a result, Defendants respectfully request that the Court dismiss Defendants' fourth cause of action with prejudice.

---

[27] *Id.*
[28] *Id.* at ¶ 29.
[29] *Id.* at ¶ 31.
[30] *Id.* at ¶ 32-33.
[31] *Id.* at ¶ 71.

### III. PLAINTIFFS HAVE FAILED TO PLEAD SUFFICIENT FACTS TO ESTABLISH THAT DEFENDANTS INTERFERED WITH THEIR ALLEGED EXPECTED INHERITANCE.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to set forth "a short plain statement of the claim showing that the pleader is entitled to relief. This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 55 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). As set forth *supra*, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Id*. (internal quotations and citations omitted). A court must be able "to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Iqbal*, 556 U.S. at 678.

Under their third cause of action, Plaintiffs provide only a vague and conclusory allegation regarding the Defendants, stating: "some or all of the Defendants intentionally interfered with that expectation. . . including by having Helene transfer the [Property] to herself . . . and then immediately transferring it into the [Helene Trust] for the benefit of Defendants." This assertion is insufficient to put the Defendants on notice of the factual grounds upon which Plaintiffs are claiming that Defendants "intentionally interfered" with any of the Plaintiffs' expected interests. By stating the Defendants acted by "having" Helene take the actions described, it is unclear what actions Plaintiffs believe Defendants took and whether those actions are actionable. Additionally, Plaintiffs assert that "some or all of the Defendants" engaged in this nondescript conduct. Thus, no Defendant can know the factual basis for Plaintiff's claim or whether this cause of action is even being asserted against them.

Therefore, Plaintiffs allegations are deficient pursuant to the standards articulated in *Twombly* and *Iqbal*. As a result, Defendants respectfully requests that the Court dismiss Plaintiffs' third cause of action.

## IV. PLAINTIFFS HAVE FAILED TO PLEAD SUFFICIENT FACTS TO SUPPORT A CLAIM OF CONVERSION AGAINST THE DEFENDANTS.

The basis for Plaintiffs' claim that the Defendants committed conversion (a claim upon which Plaintiffs inexplicably seek $4,500,000 in compensatory damages and $9,000,0000 in punitive damages) is based on the following allegation: "Plaintiffs made demand on Defendants to return the [Property] to Plaintiffs and Defendants have failed to do so."[32] However, "one in possession of a chattel who is in reasonable doubt as to the right of a claimant to its immediate possession does not become a converter by making a qualified refusal to surrender the chattel to the claimant for the purpose of affording a reasonable opportunity to inquire into such right." Restatement (Second) of Torts § 240 (1965). Based only on the allegations as set forth in Plaintiffs' Complaint, it is more than reasonable for Defendants to have some doubt that the Plaintiffs have any legitimate interest in the Property. Accordingly, their declination of Plaintiffs' demand cannot give rise to a conversion claim and Plaintiffs' fourth cause of action should be dismissed.

## CONCLUSION

Plaintiffs have failed to state any claim upon which relief can be granted because the claims Plaintiffs have asserted are all barred by the applicable statute of limitations. Further, Plaintiffs have failed to plead sufficient facts which would give rise to any liability on the part of the

---

[32] *See* Complaint, ¶ 71.

Defendants. As a result, Defendants respectfully request that the Court dismiss Plaintiffs' Complaint with prejudice.

DATED this 6th day of October, 2017.

                                  SKOUBYE NIELSON & JOHANSEN, LLC

                                  By:   /s/ Chase Ames
                                          *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this **6th** day of **October 2017,** a true and correct copy of **MOTION TO DISMISS** was filed electronically with the Court, which sent electronic filing notification to the following identified party

Matthew N. Evans
James A. Sorenson
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Salt Lake City, Utah 84145
*Attorneys for Plaintiffs*

                                  By: /s/ Dusty France