Matthew N. Evans (7051)
James A. Sorenson (12239)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
mevans@rqn.com
jsorenson@rqn.com

*Attorneys for Plaintiffs Timothy Watson Richards and
Laurie O'Keefe Richards Daynes*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| TIMOTHY WATSON RICHARDS, an individual, and LAURIE O'KEEFE RICHARDS DAYNES, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>KARL OHLAND and KATHLEEN OHLAND, as Trustee of the HELENE E. RICHARDS TRUST, dated January 6, 2009, and as personal representatives of THE ESTATE OF HELENE E. RICHARDS, RAYMOND J. OHLAND, an individual, and RICHARD K. OHLAND, individually and in his capacity as the Trustee of the K. O. MINOR'S TRUST, and the A. O. MINOR'S TRUST,<br><br>Defendants. | **PLAINTIFFS' SURREPLY IN RESPONSE TO DEFENDANTS' ARGUMENT I IN DEFENDANTS' REPLY MEMORANDUM**<br><br>Case No. 2:17-cv-00957-TC<br><br>Judge Tena Campbell<br><br>**(Oral Argument Requested)** |

In response to the Court's Order for Surreply [Doc. 20], Plaintiffs Timothy Watson Richards ("**Richards**") and Laurie O'Keefe Richards Daynes ("**Daynes**"; collectively with Richards, "**Plaintiffs**") hereby submit this surreply memorandum responding to defendants Karl and Kathleen Ohland, as Trustee of the Helene E. Richards Trust (the "**Helene Richards Trust**"), dated January 6, 2009, and as personal representatives of the Estate of Helene E. Richards (the "**Helene Estate**"), Raymond J. Ohland ("**Raymond**"), and Richard K. Ohland ("**Richard Ohland**"), individually and in his capacity as Trustee of the K. O. Minor's Trust (the "**K. O. Trust**"), and the A. O. Minor's Trust's (the "**A. O. Trust**"; collectively, "**Defendants**") argument regarding the nonclaim statute in Section I of their Reply Memorandum Supporting Motion to Dismiss [Doc. 16]. For the reasons set forth below, Section I does not provide a basis for dismissal of the Complaint.

## RESPONSE

**I.     The Utah Supreme Court has Applied the Equitable Discovery Rule in Cases where the Nonclaim Statute Applies.**

Defendants rely on *In re Ostler* in an attempt to persuade this Court that equitable tolling should not apply in this case, and that the nonclaim statute is a jurisdictional bar against Plaintiffs' claim. In *In re Ostler*, the Court was asked to toll the statute of limitations based on a statutory provision that provides for tolling for a minor. The Court did not address whether equitable tolling may apply to the nonclaim statute. *See In re Ostler*, 2009 UT 82, ¶¶ 8-9, 227 P.3d 242, 243-244 (Utah 2009). There are an additional two important distinctions between this case and *In re Ostler*. First, the Court did not address equitable tolling in its ruling which is the exact issue before this Court. *In re Ostler* only addressed the general tolling provision found in Utah Code Ann. § 78-12-36. *Id.* at ¶¶ 9 and 21. Second, the facts of that case distinguish it

significantly from this matter.  The plaintiff in *In re Ostler* asserted a claim against a pilot who crashed a jet resulting in his father's death. The plaintiff (through his mother) had knowledge of the decedent's death and when he died which gave him notice of the need to file an action.  *Id.* at ¶ 2.  In footnote 2 of the Court's ruling, the Court recognized that plaintiff, on appeal, questioned whether the estate was equitably estopped from raising statute of limitations as a defense.  In other words, after the fact, the nonmoving party tried to raise an equitable argument on appeal, but that argument was not preserved for appeal so the Court did not address the argument.  *Id.* at ¶21, n.2.

In its ruling, the Court held that the bar extended to a statutory tolling provision stating that, "[t]o harmonize the probate code with our case law on the tolling of statutes of limitation requires us to carefully consider the analysis and reasoning following by the Colorado courts, and in doing so we adopt the reasoning . . . to construe the Utah nonclaim statute as a jurisdictional bar not subject to tolling during minority under the general tolling statute." *Id.* at ¶ 21.  The Court held that the nonclaim statute was a jurisdictional bar against tolling under the general tolling statute, but did not address whether it was a bar to equitable tolling when there are exceptional circumstances as is the case here.

In contrast, in *Berneau v. Martino*, 209 UT 87, 223 P.3d 1128 (Utah 2009), the Utah Supreme Court directly addressed equitable tolling and the nonclaim statute in the same case.  In *Berneau*, the plaintiff brought a claim against the estate of a decedent who had injured him in a car accident.  *Id.* at ¶ 1.  Shortly after the accident, but before plaintiff filed his suit, the decedent died due to causes unrelated to the accident.  *Id.*  The plaintiff had no knowledge of this death. *Id.* at ¶ 4.  Plaintiff filed his lawsuit near the end of his four-year statute of limitation, but the

case was dismissed for failure to appoint a personal representative within 3 years. *Id.* at ¶ 1. The Court directly addressed whether plaintiff could still sue under an exception in the nonclaim statute. *Id.* The Court permitted a claim to proceed under the nonclaim statute applying the doctrine of equitable tolling, which is what the Plaintiffs in this case are asking the Court to do.

After setting forth facts concerning the unusual circumstances in *Berneau*, including the fact that plaintiff did not have knowledge of decedent's death, the Utah Supreme Court stated the following concerning the nonclaim statute: "Faced with these circumstances, we have three choices: the court could 'closely adhere to the statute which in its wording makes no allowance for the unusual circumstance of the death not being discovered until after the period of limitations had run'; usurp legislative prerogative by carving out an exception to statutory language; or judicially apply the equitable discovery rule." *Id.* at ¶ 20. The court continued, "[w]e turn to the most compelling option, the equitable discovery rule." *Id.*

The court then held that, "[g]iven these legislative enactments and to avoid an unjust and unintended result, we hold that where the recovery sought is limited to liability insurance proceeds, and the death of the tortfeasor was not reasonably known by the plaintiff, the equitable discovery rule applies to toll the three-year limitations period for appointment of a personal representative." *Id.* at ¶ 21. In *Berneau*, the Court applied the equitable tolling rule, notwithstanding the nonclaim statute, to avoid an unjust result. *Id.*

Similarly, unusual and exceptional circumstances exist in this case and justify application of the equitable discovery rule. Specifically, the Richards family held a family property for many years and which Stephen Richards had determined should ultimately go to his niece and nephew as set forth in his and his wife's family trust, and as set forth more fully in the First

Amended Complaint. In paragraph 32 of that Complaint, it states: "On November 24, 2008, approximately 23 days before Stephen's death, Helene, through self-dealing, in violation of the 2006 Richards Trust Agreement, and in breach of her fiduciary duty to Stephen, executed a *Warranty Deed* (the "**2008 Warranty Deed**"), wherein she transferred the Richards Property from the Richards Family Trust to 'Helene E. Richards, individually.'" (First Am. Compl. at ¶ 32.) These acts were committed without knowledge of the Plaintiffs. Later, Helene made other transfers related to this property and then died without knowledge to Plaintiffs. To allow this case to be dismissed after Helene's bad acts would lead to the unjust and unintended result of depriving Plaintiffs the opportunity to contest these transfers and seek a return of the Richards Family Property. As in *Berneau*, this Court should apply the equitable discovery in these circumstances where exceptional circumstances exist, even in the face of a nonclaim statute. In so doing, the statutes of limitations should be extended, the Motion to Dismiss should be denied, and the case should be heard on its merits.

II. **Alternatively, Utah Code Ann. § 75-1-106 Allows for the Continuation of the Lawsuit based on Helene's Bad Acts.**

Even if the Court does not apply equitable tolling, Section 75 of the Probate Code also extends a statute of limitation in circumstances such as these. Utah Code Ann. § 75-1-106 provides as follows:

> Whenever fraud has been perpetrated in connection with any proceeding or in any statement filed under this code or if fraud is used to avoid or circumvent the provisions or purposes of this code, any person injured thereby may obtain appropriate relief against the perpetrator of the fraud or restitution from any person (other than a bona fide purchaser) benefitting from the fraud, whether innocent or not. Any proceeding must be commenced within three years after the discovery of the fraud, but no proceeding may be brought against one not a perpetrator of the fraud later than five years after the time of commission of the

fraud. This section has no bearing on remedies relating to fraud practiced on a decedent during his lifetime which affects the succession of his estate.

Defendants ask the Court to dismiss this case alleging that the claims are barred by the nonclaim statute. As set forth above, the Utah Supreme Court allows for application of the equitable discovery rules in these circumstances. However, if the Court declines to apply the equitable discovery rule, under Utah Code Ann. § 75-1-106, when the actions rise to a level of fraud, the time to file a claim is extended. Indeed, in Colorado, when applying a nonclaim statute as a jurisdictional bar, it stated, "[w]e also recognize that our holding today may appear to provide an incentive to some personal representatives not to provide known creditors with written notice of the deadline for presenting claims." *In re Estate of Ongaro*, 998 P.2d 1097, 1105 (Colo. 2000). However, in so noting, the court referred to a Colorado statute nearly identical to Utah Code Ann. § 75-1-106 and stated, "[w]e also note that, should a personal representative's conduct rise to the level of fraud, section 15-10-106, 5 C.R.S. (1999) provides a remedy to injured claimants." *Id.*

In this case, the facts set forth in Plaintiffs' First Amended Complaint show that Helene's actions rise to the level of fraud, when through self-dealing and by exercising undue influence, she deeded property from her family trust to herself individually without notice to the Plaintiffs who were deprived of the Richards family property by her actions. Accordingly, the statute of limitation is three years from discovery of the fraud under Section 75-1-106. In this case, Plaintiffs did not have knowledge of the fraud until, at the earliest, September 2016. (*See* First Am. Compl. at ¶ 42.) This action was filed less than a year later on August 25, 2017, well within the three year statute of limitation. Moreover, Section 75-1-106 allows for suit to proceed against any party who benefitted from Helene's bad acts.

Based on the foregoing, at this stage of the litigation, the question is not who should ultimately prevail in this action, but whether or not the facts, as alleged, are sufficient to proceed to hearing the case on its merits. Plaintiffs contend that under the equitable tolling provisions of Utah law and/or under Utah Code Ann. § 75-1-106, sufficient facts have been alleged to show a claim exists and that it is timely before the Court. To find otherwise would lead to an unjust and unintended result depriving Plaintiffs the right of having their claims heard on the merits. Accordingly, Plaintiffs request that Defendants' Motion to Dismiss be denied in its entirety. In the event that the Court still finds deficiencies with the First Amended Complaint, Plaintiffs would request leave to file an additional amended complaint to address any remaining deficiencies so this case can be heard on the merits of its claims.

## CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss must be dismissed in its entirety.

DATED this 9th day of February 2018.

>RAY QUINNEY & NEBEKER P.C.
>
>/s/ James A. Sorenson
>Matthew N. Evans
>James A. Sorenson
>*Attorneys for Plaintiffs Timothy Watson Richards and Laurie O'Keefe Richards Daynes*

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which sent notification of such filing to other electronic filing users in this case:

    Chase B. Ames
    Skoubye Nielson & Johansen LLC
    999 Murray Holladay Road, Suite 200
    Salt Lake City UT 84117

                                              /s/ *Eliza Tito*

1443423-v3